**Manuel De Jesus ORTEGA DE LUNA; Maria Sabina Alcala De Ortega; Lidia Ortega Alcala; Raudel Ortega Alcala, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70915.

Agency Nos. A79–538–725, A79–538–726, A79–538–727, A79–538–728.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Manuel De Jesus Ortega De Luna, Panorama City, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Deborah N. Misir, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Petitioners, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Petitioners contend that they would suffer exceptional and extremely unusual hardship if returned to Mexico, but do not challenge the BIA's determination that "none of them has a qualifying relative for whom they can establish ... [such] hardship." Under 8 U.S.C. § 1229b(b)(1)(D), Petitioners are therefore ineligible for cancellation of removal.

Petitioners also challenge, on constitutional grounds, the exclusion of Mexicans from the Nicaraguan Adjustment and Central American Relief Act. This contention is foreclosed by *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

